**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CRAIG T. JEANQUART,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0752-14-0565-I-1

DATE: August 17, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Craig T. Jeanquart</u>, Grand Chute, Wisconsin, pro se.

<u>Scott Lawrence</u>, Esquire, Minneapolis, Minnesota, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to: (1) find that the Board will not consider the appellant's untimely raised claim that he was subjected to double punishment for the same misconduct; and (2) address the appellant's allegations on review that the administrative judge was biased and failed to provide him with adequate guidance as a pro se litigant, we AFFIRM the initial decision.

## BACKGROUND

¶2        Prior to his removal, the appellant served as an Advance Medical Support Assistant with the agency's Milwaukee Veterans Affairs Healthcare System Community-Based Outpatient Clinic (CBOC) in Appleton, Wisconsin. Initial Appeal File (IAF), Tab 4 at 15-16. The appellant's spouse at the time was also an agency employee at the CBOC.[2] IAF, Tab 18 at 7. On April 29, 2013, the appellant was arrested and charged with multiple criminal offenses in connection with his off-duty domestic abuse of his former spouse, including strangulation and suffocation, intimidating a victim/use of attempted force, battery, and disorderly conduct. IAF, Tab 4 at 93, Tab 18 at 7. The appellant pled guilty to and was convicted of the felony charge of strangulation and suffocation. IAF, Tab 4 at 93, Tab 13 at 13, Tab 18 at 7. The remaining charges were dismissed,

---

[2] The appellant and his former spouse have since divorced. IAF, Tab 18 at 7.

but were read into the record and considered during the appellant's sentencing. IAF, Tab 4 at 93, Tab 13 at 14, Tab 18 at 7.

¶3      The appellant was sentenced to probation and 8 months of jail time with 1 month of jail time imposed and 7 months stayed.[3] IAF, Tab 13 at 11, Tab 18 at 7. The appellant's sentence permitted work release, IAF, Tab 13 at 11, Tab 18 at 7, but on December 5, 2013, the agency denied his request to return to work and informed him that it would consider him as being absent without leave while he was serving his jail sentence, IAF, Tab 4 at 48, Tab 18 at 8.

¶4      Thereafter, the agency removed the appellant, effective April 21, 2014, based on charges of absence without leave (AWOL) and conduct unbecoming a Federal employee. IAF, Tab 4 at 21-23, 43-47. The AWOL charge arose from the appellant's absence from work during his jail sentence. *Id.* at 43-45. The conduct unbecoming charge arose from the appellant's domestic abuse of his former spouse on April 29, 2013. *Id.* at 45-46. In addition to strangling and suffocating his ex-wife, the agency alleged that the appellant hit her in the head, kneed her in the back, bit her on the arm, and threatened to kill her if she called the police.[4] *Id.*

¶5      The appellant filed a timely Board appeal challenging his removal and raised affirmative defenses that the agency violated his due process rights and committed harmful procedural error. IAF, Tab 1 at 1, 3, 5; Tab 18 at 8-12. At the commencement of the appellant's requested hearing, the agency withdrew the

---

[3] However, after serving 2 days in jail, the appellant was transferred to serve the remainder of his sentence under house arrest. IAF, Tab 18 at 8.

[4] Although the agency alleged that the appellant threatened to kill his ex-wife, IAF, Tab 4 at 46, the administrative judge properly found that, because the agency did not charge the appellant with making a threat, it was not required to prove the elements of a threat charge set forth in *Metz v. Department of the Treasury*, 780 F.2d 1001, 1004 (Fed. Cir. 1986). IAF, Tab 48, Initial Decision at 7 n.1; *see Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 200, 204 (1997) (finding that an administrative judge erred in requiring an agency to meet the burden of proof for a threat charge when it charged an appellant with "improper conduct" based on threatening remarks).

AWOL charge. Hearing Compact Disc (HCD), Volume 1 (statement of agency counsel); IAF, Tab 1 at 2.

¶6 Following the hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 48, Initial Decision (ID). She found that the agency proved the charge of conduct unbecoming a Federal employee.[5] ID at 5-9. She further found that the agency established a nexus between the appellant's misconduct and the efficiency of the service. ID at 9-13. She found that the appellant failed to prove that the agency violated his due process rights, ID at 13-14, or committed harmful procedural error, ID at 14-16. Finally, she found that the penalty of removal was reasonable for the sustained charge of conduct unbecoming a Federal employee. ID at 16-22.

¶7 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1-3.[6]

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency established a nexus between the charge of conduct unbecoming a Federal employee and the efficiency of the service.

¶8 On review, the appellant challenges the administrative judge's finding that the agency established a nexus between his off-duty misconduct and the efficiency of the service. PFR File, Tab 1 at 4. He contends that his domestic abuse of his former spouse "had nothing to do with" the fact that she was an agency employee and that "any reasonable person knows that the[re] is a big

---

[5] Specifically, the administrative judge found that the appellant was collaterally estopped from relitigating the facts underlying his strangulation and suffocation conviction before the Board, ID at 5-6, and that the agency proved the remaining allegations in the charge and demonstrated that they constituted conduct unbecoming a Federal employee, ID at 6-9.

[6] On review, the appellant does not challenge the administrative judge's findings that the agency proved the charge of conduct unbecoming a Federal employee or that he failed to prove that the agency violated his due process rights. PFR File, Tab 1. We discern no basis to disturb these findings.

difference between what happens between a husband and a wife and what happens outside the home." *Id.*

¶9        An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means:  (1) a rebuttable presumption of nexus that may arise in certain egregious circumstances based on the nature and gravity of the misconduct; (2) a showing by preponderant evidence that the misconduct affects the employee's or his coworkers' job performance, or management's trust and confidence in the employee's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.  *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).  We agree with the administrative judge that the violent and life-threatening nature of the appellant's misconduct in strangling, suffocating, hitting, kneeing, biting, and threatening to kill his ex-wife, an agency employee, was so egregious that a rebuttable presumption of nexus applies.  *See* ID at 11; *see also Hayes v. Department of the Navy*, 727 F.2d 1535, 1536, 1539 (Fed. Cir. 1984) (sustaining the Board's finding that a rebuttable presumption of nexus applied when an employee committed off-duty assault and battery of a child); *Backus v. Office of Personnel Management*, 22 M.S.P.R. 457, 459-60 (1984) (finding that a rebuttable presumption of nexus applied when an employee shot, but did not kill, his fiancée); *Faint v. U.S. Postal Service*, 22 M.S.P.R. 495, 497 (1984) (finding that a rebuttable presumption of nexus applied when an employee committed off-duty assault with a deadly weapon), *aff'd*, 770 F.2d 179 (Fed. Cir. 1985) (Table).

¶10       The appellant may rebut the presumption of nexus by introducing evidence showing an absence of adverse effect on the efficiency of the service, in which case the agency then has the burden of proving nexus without reliance on this presumption.  *Backus*, 22 M.S.P.R. at 460.  Here, the administrative judge considered the appellant's arguments that his immediate supervisors continued to trust him, that his coworkers were purportedly unconcerned about his arrest, and

that he performed satisfactorily in his position for 7 months between his arrest and his removal and concluded that these factors were insufficient to rebut the presumption of nexus.  ID at 11-13; *see* IAF, Tab 15 at 10, Tab 47 at 4, 6.  We agree.  Among other things, the administrative judge correctly found that both the proposing and deciding officials lost confidence in the appellant's ability to behave appropriately at work and that apprehension about the appellant returning to work did not need to be shared by all coworkers to support a finding of nexus based on the rebuttable presumption arising from egregious misconduct.  ID at 12; HCD, Volume 1 (testimony of the proposing official), Volume 3 (testimony of the deciding official); *see Backus*, 22 M.S.P.R. at 460-61 (finding that an agency established nexus based on an employee's egregious misconduct when only some of the individuals who worked with the employee were apprehensive about his return to work).

¶11        On review, the appellant repeats several of the arguments that he raised below, including his claims regarding his immediate supervisors and his 7 months of satisfactory performance prior to his removal.  PFR File, Tab 1 at 4-5, 7-9. His repetition of these arguments constitutes mere disagreement with the administrative judge's well-reasoned findings, and does not provide a basis to disturb the initial decision.  *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding that mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶12        Finally, we agree with the administrative judge that, even if the rebuttable presumption of nexus were not applicable, the agency established nexus on the basis that:  (1) the appellant's misconduct eroded senior management's trust and confidence in his job performance; and (2) when, as here, the appellant's former spouse was also an agency employee stationed at the same facility as the

appellant, the appellant's misconduct conflicted with the agency's mission of providing a safe environment to treat sick and injured veterans. *See* ID at 12-13; *see also Kruger*, 32 M.S.P.R. at 75-76 (finding that an agency is not required to demonstrate a specific impact on an employee's job performance or service efficiency to establish nexus when the employee's misconduct conflicts with the agency's mission). In sum, we discern no basis to disturb the administrative judge's finding that the agency established a nexus between the appellant's sustained misconduct and the efficiency of the service.

The administrative judge correctly found that the appellant failed to prove his affirmative defense of harmful procedural error.

¶13 On review, the appellant contests the administrative judge's finding that he failed to prove his affirmative defense that the agency committed harmful procedural error when an agency Veterans Justice Outreach (VJO) Specialist failed to refer his criminal case to the Veterans' Treatment Court for a diversion program. PFR File, Tab 1 at 5-6, 10; *see* IAF, Tab 18 at 11-12. The administrative judge correctly found that the appellant failed to identify any statute, rule, or regulation requiring a VJO Specialist to make such a referral. *See* ID at 16. Furthermore, the agency presented testimony from a Milwaukee Veterans Affairs Healthcare System (VAHS) Program Manager, who explained that VJO Specialists merely provide information about the Veterans' Treatment Court to veterans' counsel in criminal matters and that VJO Specialists are not expected to make referrals to the Veterans' Treatment Court.[7] HCD, Volume 2 (testimony of the VAHS Program Manager).

¶14 Even assuming that the agency committed an error in failing to refer the appellant's criminal case to the Veterans' Treatment Court, however, an agency

---

[7] She further explained that the VJO Specialist in question was unable to provide VJO services to the appellant due to a potential conflict of interest involving the appellant's ex-wife and that another VJO Specialist was assigned to the appellant. HCD, Volume 2 (testimony of the VAHS Program Manager).

error is harmful only when the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 8 (2008). The appellant bears the burden of proving that the error was harmful. *Id*.; 5 C.F.R. §§ 1201.4(r), 1201.56(c)(1). Here, the appellant argued that, if he had been referred to the Veterans' Treatment Court, he would not have been convicted of a felony, and accordingly, the agency would not have removed him. IAF, Tab 18 at 11. However, during the appellant's criminal proceedings, he attempted to withdraw his guilty plea, arguing that he should have been referred to the Veterans' Treatment Court prior to plea negotiations. IAF, Tab 38 at 6-7. The State of Wisconsin responded that it would not have agreed to defer the appellant's prosecution if he had asked for a referral to the Veterans' Treatment Court, *id.* at 7, and the Outagamie County Circuit Court denied the appellant's motion to withdraw his plea, finding that he failed to show that referral to the Veterans' Treatment Court would have prevented his criminal conviction, *id.* Based on this evidence, the administrative judge properly found that the appellant failed to establish that the agency's alleged error in not referring his criminal case to the Veterans' Treatment Court was likely to have caused the agency to have reached a different conclusion in his removal action. *See* ID at 15-16.

¶15 On review, the appellant contends that the administrative judge failed to understand the role of the Veterans' Treatment Court and the harm that resulted from the agency's failure to refer his criminal case there prior to plea negotiations. PFR File, Tab 1 at 5-6. The initial decision reflects that the administrative judge understood the appellant's arguments regarding the Veterans' Treatment Court but nevertheless, correctly concluded that he failed to prove his harmful procedural error claim. *See* ID at 14-16. We have considered the appellant's remaining arguments on review pertaining to his harmful procedural error claim, including his allegation that the VJO Specialist made

misrepresentations to his former spouse regarding the Veterans' Treatment Court, and his assertions that the VJO Specialist neglected her duties and was incompetent, *see* PFR File, Tab 1 at 5-6, and we find that they do not provide a basis to disturb the initial decision.

<u>We will not consider the appellant's untimely raised claim that the agency subjected him to double punishment for the same misconduct.</u>

¶16      On review, the appellant argues that the agency improperly subjected him to double punishment when it refused to allow him to return to work under the work release provision of his sentence and subsequently removed him based on the misconduct underlying his criminal charges and conviction. PFR File, Tab 1 at 6-8. He further contends that the administrative judge erred in failing to address this claim in the initial decision. *Id.* at 7.

¶17      We find that the administrative judge did not err in failing to adjudicate the appellant's claim that he was subjected to double punishment. An appellant may raise a claim or defense that was not included in the appeal at any time before the end of the conference or conferences held to define the issues in the case but may not raise a new claim or defense after that time, except for good cause shown. 5 C.F.R. § 1201.24(b); *see Roof v. Department of the Air Force*, 53 M.S.P.R. 653, 658 (1992). Here, prior to the prehearing conference, the appellant did not raise a claim that he was subjected to double punishment. IAF, Tabs 1, 15. Moreover, the January 21, 2015 order and summary of prehearing conference described each of the claims and affirmative defenses raised by the appellant and did not include a claim that the agency subjected him to double punishment. IAF, Tab 18. The appellant did not object to the prehearing conference summary, although the order and summary of prehearing conference advised him that he had the right to do so. *Id.* at 14.

¶18      Furthermore, on review, the appellant has not attempted to explain his failure to timely raise his claim that he was subjected to double punishment. PFR File, Tab 1 at 6-8. The appellant argued he was subjected to double punishment

for the first time in his closing brief following the hearing. IAF, Tab 47 at 8-9. However, he does not contend, either below or on review, that he became aware of the factual basis for his claim of double punishment for the first time at or after the hearing. *Id.*; PFR File, Tab 1 at 6-8. Indeed, it was apparent from the agency file, submitted more than 15 months prior to the hearing, that the agency refused to allow the appellant to return to work during his sentence and that it subsequently removed him based on the conduct underlying his criminal charges and conviction. IAF, Tab 4 at 21-23, 43-48. Accordingly, we find that the appellant failed to demonstrate good cause for his failure to timely raise the claim that he was subjected to double punishment, and that the administrative judge properly did not address the claim in the initial decision. *See Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶ 7 n.2 (1999) (finding that an administrative judge properly declined to address a claim raised by an appellant when he failed to establish good cause for his failure to timely raise the claim prior to the end of the conference to define the issues in the case). Finally, when, as here, the appellant has not demonstrated good cause for his failure to timely raise a claim below, we will not consider the appellant's arguments regarding the merits of that claim on review. *See* 5 C.F.R. § 1201.24(b) (providing that an appellant may not raise a new claim or defense after the prehearing conference, except for good cause shown).

The administrative judge correctly found that the penalty of removal was reasonable.

¶19 As previously stated, the agency withdrew the AWOL charge at the beginning of the hearing, and therefore, the Board did not sustain all of the charges that formed the basis for the agency's decision to remove the appellant. *See* HCD, Volume 1 (statement of agency counsel). When the Board does not sustain all of the charges, it will carefully consider whether the sustained charges merit the penalty imposed by the agency. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 17 (2014). If the agency does not indicate that it

desires a lesser penalty to be imposed on fewer charges, the Board may mitigate to the maximum reasonable penalty if a careful balancing of the mitigating factors warrants, or the Board may impose the same penalty imposed by the agency based on justification of that penalty as the maximum reasonable penalty after balancing those factors. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999).

¶20        Here, the agency did not indicate that it would have imposed a lesser penalty in the absence of the AWOL charge. To the contrary, the deciding official testified that he would have removed the appellant based solely on the charge of conduct unbecoming a Federal employee. HCD Volume 3 (testimony of the deciding official). The administrative judge conducted a detailed analysis and concluded that the deciding official considered the appropriate factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and that the penalty of removal was reasonable.[8] ID at 16-22. We agree.

¶21        In evaluating whether a penalty is reasonable, the Board will consider, first and foremost, the nature and seriousness of the misconduct. *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 23 (2008). We agree with the deciding official and the administrative judge that the appellant's off-duty misconduct of violence towards his ex-wife, an agency employee, which included strangling and suffocating her, was extremely serious. *See* HCD, Volume 3 (testimony of the deciding official); IAF, Tab 4 at 24-25; ID at 17.

¶22        We further agree with the administrative judge that, although the appellant's immediate supervisors did not believe that his removal was necessary,

---

[8] In so finding, the administrative judge determined that the appellant failed to prove his disparate penalties claim. ID at 19-20. Our decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, issued after the initial decision in this appeal, clarifies that the relevant inquiry for assessing a claim of disparate penalties when weighing the reasonableness of a penalty is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. There is no evidence in the record to indicate that the agency did so in this case. On review, the appellant does not challenge the administrative judge's finding regarding his disparate penalties claim, PFR File, Tab 1, and we discern no basis to disturb it.

the fact that both the proposing and deciding officials lost confidence in the appellant's ability to refrain from violence in the workplace weighed in favor of his removal.[9] *See* ID at 19; HCD, Volume 1 (testimony of the proposing official), Volume 3 (testimony of the deciding official); *see also Talavera v. Agency for International Development*, 104 M.S.P.R. 445, ¶ 12 (2007) (finding that an agency's loss of trust in an employee is a significant aggravating factor). The Board has found that it is appropriate it defer to a deciding official's opinion over that of an immediate supervisor, when as a headquarters official, a deciding official has an arguably broader view of the effect of the employee's misconduct upon the agency as a whole. *Topper v. Department of Justice*, 70 M.S.P.R. 69, 77 (1996); *see also Ahr v. Department of Justice*, 23 M.S.P.R. 238, 241 (1984) (sustaining an appellant's removal when another supervisory agency employee, but not the appellant's immediate supervisor, had lost trust and confidence in the appellant's ability to conduct himself appropriately). In addition, the administrative judge properly considered the fact that the appellant's immediate supervisors had not reviewed the police report or other materials pertaining to the April 29, 2013 incident and were not fully aware of the violent and severe nature of the appellant's misconduct.[10] *See* ID at 18-19; HCD Volume 3 (testimony of the deciding official). We have considered the appellant's numerous arguments on review regarding the opinions of his immediate supervisors and find that they

---

[9] On review, the appellant contends that the administrative judge mistakenly stated that his immediate supervisors asserted that they had lost confidence in his ability to perform his duties. PFR File, Tab 1 at 9. To the contrary, the administrative judge specifically recognized that the appellant's immediate supervisors had not lost confidence in him. ID at 19.

[10] The appellant's argument on review that the proposing and deciding officials also did not review the police report does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 8-9. Regardless of whether they actually read the police report, the record reflects that the proposing and deciding officials were familiar with the details contained in the report and the nature of the appellant's misconduct. IAF, Tab 4 at 24-25.

do not provide a basis to disturb the initial decision. PFR File, Tab 1 at 4-5, 8-9; *see Yang*, 115 M.S.P.R. 112, ¶ 12; *Crosby*, 74 M.S.P.R. at 106.

¶23    On review, the appellant also contends that the administrative judge and the deciding official erred in finding that he had poor potential for rehabilitation. PFR File, Tab 1 at 4, 9-10. We disagree. The administrative judge and deciding official properly found that the appellant's attempts to rationalize and minimize his violent and abusive behavior reflected poor potential for rehabilitation. *See* ID at 20-21; HCD, Volume 3 (testimony of the deciding official); *see also Neuman*, 108 M.S.P.R. 200, ¶ 26 (finding that an appellant's rationalizations and lack of remorse indicated little potential for rehabilitation and were aggravating factors). For example, inexplicably, the appellant attempted to justify his abuse of his former spouse by claiming that it was instigated by an incident in which a coworker attempted to sexually molest her. IAF, Tab 15 at 6, Tab 47 at 9-10. He further argued that prior to the incident, his ex-wife "made intimidating jabs and kicks" at him, yelled at him "for a number of minutes," and claimed that she only required "limited" medical care for the injuries that he caused. IAF, Tab 15 at 8, 12, Tab 47 at 9-10, 12. We have considered the appellant's arguments on review regarding his potential for rehabilitation, including but not limited to his assertions that he completed a domestic violence program and that his former spouse believes that he is making progress with his mental health, his claims regarding his successful co-parenting relationship with his ex-wife, and his detailed description of a recent incident in which he removed a dead mouse from her house and find that they do not provide a basis to disturb the initial decision. PFR File, Tab 1 at 4, 9-10.

¶24    The administrative judge also considered mitigating factors, including the appellant's assertion that he suffered from major depressive disorder, and his lack

of prior discipline during more than 2 years of Federal service.[11]  ID at 21-22. However, she properly concluded that they did not outweigh the significant aggravating factors at issue here.  ID at 21-22.  In sum, we agree with the administrative judge that the penalty of removal was reasonable for the appellant's sustained misconduct.

<u>The appellant's allegations that the administrative judge was biased and failed to provide him with adequate guidance as a pro se litigant do not provide a basis to disturb the initial decision.</u>

¶25    On review, the appellant argues that the administrative judge was biased against him because he chose to represent himself and because he asked witnesses difficult questions at the hearing.  PFR File, Tab 1 at 11.  A claim of bias must be raised as soon as practicable after a party has reasonable cause to believe that grounds exist for an administrative judge's disqualification on such basis, and a party cannot wait until after the adjudication is complete to object for the first time.  *Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); *see* 5 C.F.R. § 1201.42(b).  Thus, the appellant's bias claim is untimely raised. Moreover, even if we were to consider this claim, his conclusory allegations would be insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *See Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010) (finding that an appellant's conclusory allegations of bias were insufficient to overcome the presumption of honesty and integrity that accompanies an administrative judge); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (finding that in

---

[11] For the first time on review, the appellant asserts that he suffers from anxiety as well as major depressive disorder.  PFR File, Tab 1 at 9-10.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not made such a showing here.  Although he contends that he did not realize that he should discuss his mental health because he was proceeding pro se, PFR File, Tab 1 at 9, he raised arguments below regarding his major depressive disorder, IAF, Tab 15 at 7, 10.

making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

¶26    We also have considered the appellant's argument that the administrative judge erred in failing to provide him with sufficient guidance and assistance as a pro se litigant and find it unpersuasive.  PFR File, Tab 1 at 9.  Although administrative judges are obligated to provide more guidance to pro se appellants and interpret their arguments in the most favorable light, *see Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 10 (1999), the affirmative responsibility to present relevant evidence is fundamentally that of the parties, *Richardson v. Department of Justice*, 11 M.S.P.R. 186, 195 (1982).  Here, the administrative judge advised the appellant regarding the relevant issues and burdens of proof, and the appellant had the opportunity to present evidence at the hearing.  IAF, Tab 18 at 1-12.  Under the circumstances, we discern no error in the level of guidance that the administrative judge provided to the appellant.  *See Smith v. U.S. Postal Service*, 81 M.S.P.R. 443, ¶ 8 (1999) (finding that, although an administrative judge should provide appropriate guidance to a pro se appellant, she is not to be an adversary or advocate in doing so).

¶27    In conclusion, for this reason and the reasons discussed above, we find that the appellant has not provided a reason to disturb the initial decision sustaining his removal.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[13]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[13]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.